## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SAMUEL LUKICH, an individual, and PAL ENTERPRISES, LLC, an Arizona Limited Liability Company, | Case No.: 2013-CV-3723 |
| Plaintiffs, | |
| v. | Judge: |
| PHILIP NENADOV, an individual, and TRANSPORTATION NETWORK GROUP, LLC, an Illinois Limited Liability Company, | |
| Defendants. | |

## COMPLAINT

Plaintiffs Samuel Lukich and PAL Enterprises, LLC, as their complaint against Defendants Philip Nenadov and Transportation Network Group, LLC, state as follows:

## JURISDICTION
## Founded on Diversity of Citizenship and Amount

1.  Plaintiff Samuel Lukich ("**Lukich**") is an individual residing in Scottsdale, Maricopa County, Arizona.

2.  Plaintiff PAL Enterprises, LLC ("**PAL**") is an Arizona limited liability company, and the two members of PAL are Lukich and Phillip Mate, an individual residing in Brisbane, Australia.

3.  Defendant Philip Nenadov ("**Nenadov**") is an individual residing in Wyoming, Stark County, Illinois.

4.  Defendant Transportation Network Group, LLC ("**TNG**") is an Illinois limited liability company not in good standing, and its sole member is Nenadov.

5.      The matter in controversy against Defendants Nenadov and TNG exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6.      Venue properly lies with this Court pursuant to the Illinois Securities Law of 1953 (815 ILCS 5/13G(1)), which states that an action may be brought where the person violating the Illinois Securities Law of 1953 has its principal office or its registered office. Defendant TNG's registered agent is National Registered Agents, Inc., located at 200 West Adams Street, Chicago, IL 60606.

## COUNT I

### (Breach of Investment Agreement)

1.      The allegations set forth in Paragraphs 1 through 6 of the Jurisdiction section above are realleged herein as if specifically set forth in this Paragraph 1 of Count I.

2.      In June 2011, PAL entered into an investment agreement with TNG, wherein PAL agreed to provide TNG with additional capital in return for a percentage of TNG's net profits (the "**Investment Agreement**").

3.      On or about December 1, 2011, PAL and TNG memorialized their Investment Agreement.  A true and correct copy of the Investment Agreement is attached as **Exhibit 1**.

4.      Pursuant to the Investment Agreement, TNG agreed to pay PAL 50% of TNG's net profits.

5.      In consideration of receiving 50% of TNG's net profits, PAL agreed to invest a total of $90,000 in TNG, which included the investments PAL made in TNG beginning in June of 2011.

6.      By December 5, 2011, PAL had invested a total of $90,000 in TNG and had fulfilled off of its obligations under the Investment Agreement.

7.      The Investment Agreement provided that TNG "will submit payment [of the profit share] to PAL Enterprises LLC on the 15th of each month…"

8.      Upon information and belief, PAL generated profits on a regular basis.

9.      As of the commencement of this action, despite demand, PAL has not received any share of TNG's profits.  Furthermore, despite demand, PAL has not received an accounting of TNG's income for 2011 through 2013.

10.     By failing to pay 50% of the net profits to PAL, TNG breached the Investment Agreement.

11.     As a result of TNG's breach, PAL suffered damages in the principal amount of $90,000.

        WHEREFORE, PAL Enterprises, LLC respectfully requests the entry of an order of judgment in its favor and against Transportation Network Group, LLC for the principal balance of $90,000, and such further or alternative relief as the Court deems appropriate under the circumstances.

## COUNT II

(Breach of Loan Agreement)

1.      The allegations set forth in Paragraphs 1 through 6 of the Jurisdiction section above are realleged herein as if specifically set forth in this Paragraph 1 of Count II.

2.      Between 2011 and 2012, Nenadov made multiple requests to Lukich, personally and as a member of PAL, for short-term loans to TNG.

3.      Lukich and PAL agreed to provide Nenadov and TNG short term demand loans (the "**Loan Agreemen**t").

4.     Between 2011 and 2012, Lukich loaned Nenadov and TNG at least $15,500 and PAL loaned Nenadov and TNG at least $10,000.

5.     Lukich and PAL's loans were payable on demand.

6.     Lukich and PAL have fulfilled all of their obligations under the Loan Agreement.

7.     On October 23, 2012, Lukich and PAL made a demand on Nenadov and TNG for payment of principal and interest on all outstanding loans under the Loan Agreement. Nenadov and TNG refused to pay.

8.     By failing to pay the principal and interest due upon demand, Nenadov and TNG breached the Loan Agreement.

9.     As a result of Nenadov and TNG's breach of the Loan Agreement, Lukich and PAL suffered damages in the principal amount of $25,500 plus accrued interest at 5% per annum as allowed under the Illinois Interest Act, 815 ILCS 205/2.

       WHEREFORE, Samuel Lukich and PAL Enterprises, LLC respectfully request the entry of an order of judgment in their favor and against Philip Nenadov and Transportation Network Group, LLC in the amount of $15,500 plus accrued interest for Samuel Lukich and $10,000 plus accrued interest for PAL Enterprises, LLC, and such further or alternative relief as the Court deems appropriate under the circumstances.

## COUNT III

### (Fraud in the Inducement)

10.    The allegations set forth in Paragraphs 1 through 6 of Count I are realleged herein as if specifically set forth in this Paragraph 1 of Count III

11.    Prior to entering into the Investment Agreement, Nenadov represented to Lukich that PAL would recoup all of its investments under the proposed Investment Agreement

within a year and double its initial investment after two years through the net profit sharing outlined in the Investment Agreement.

12.     Nenadov's statements regarding TNG's revenue were a material reason why PAL entered into the Investment Agreement and why PAL and Lukich made loans to Nenadov. PAL and Lukich relied upon Nenadov's statements.

13.     Throughout 2011 and 2012, Nenadov represented to Lukich that Nenadov and TNG required additional short-term cash infusions for operations. Based on Nenadov's representations, Lukich and PAL loaned Nenadov $25,500.

14.     Upon information and belief, Nenadov did not use the loans for the use represented to Lukich.

15.     As reported to the Internal Revenue Service on Nenadov's Schedule C for the 2011 tax year, TNG had gross income of $201,883.

16.     Because PAL and Lukich relied upon Nenadov's false representations, PAL suffered damages in the amount of the $90,000 capital investment in addition to loans totaling $10,000, and Lukich suffered damages in the amount of $15,500 in loans, for a total of $115,500.

WHEREFORE, Samuel Lukich and PAL Enterprises, LLC respectfully request the entry of an order of judgment in their favor and against Philip Nenadov and Transportation Network Group, LLC in the amount of $100,000 for PAL Enterprises, LLC and in the amount of $15,500 for Samuel Lukich, and such further or alternative relief as the Court deems appropriate under the circumstances.

### COUNT IV

(Illinois Securities Law Violation – Failure to Register)

1.      The allegations set forth in Paragraphs 1 through 9 of Count I are realleged herein as if

specifically set forth in this Paragraph 1 of Count IV.

2.      The Investment Agreement is a security, as defined by Section 2.1 of the Illinois

Securities Law of 1953 (the "**Illinois Act**").

3.      Section 5 of the Illinois Act states, in part:

> All securities except those set forth under Section 2a of this Act, or those
> exempt under Section 3 of this Act, or those offered or sold in transactions
> exempt under Section 4 of this Act, or face amount certificate contracts
> required to be registered under Section 6 of this Act, or investment fund
> shares required to be registered under Section 7 of this Act, shall be
> registered either by coordination or by qualification, as hereinafter in this
> Section provided, prior to their offer or sale in this State.

4.      Section 12 of the Illinois Act states, in part:

> It shall be a violation of the provisions of this Act for any person:
> A.  To offer or sell any security except in accordance with the provisions
>     of this Act.
> B.  To deliver to a purchaser any security required to be registered under
>     Section 5, Section 6 or Section 7 hereof unless accompanied or
>     preceded by a prospectus that meets the requirements of the pertinent
>     subsection of Section 5 or of Section 6 or of Section 7.

5.      Nenadov and TNG did not register the security sold to PAL and did not provide a

prospectus.  By failing to register TNG's securities and by failing to provide PAL

with a prospectus prior to the sale of TNG's securities, TNG violated the Illinois

Act.

6.      Section 13 of the Illinois Act states, in part:

> Sec. 13.  Private and other civil remedies; securities.
> A.  Every sale of a security made in violation of the provisions of this Act shall be
>     voidable at the election of the purchaser…and the issuer, controlling person,
>     underwriter, dealer or other person by or on behalf of whom said sale was made, and
>     each underwriter, dealer or salesperson who shall have participated or aided in any
>     way in making the sale, and in case the issuers, controlling person, underwriter or
>     dealer is a corporation or unincorporated association or organization, each of its
>     officers and directors (or persons performing similar functions) who shall have

participated or aided in making the sale, shall be jointly and severally liable to the purchaser as follows:

(1) For the full amount paid, together with interest from the date of payment for the securities sold at the rate of the interest or dividend stipulated in the securities sold (or if no rate is stipulated, then at the rate of 10% per annum) less any income or other amounts received by the purchaser on the securities…

If the purchaser shall prevail in any action brought to enforce any of the remedies provided in this subsection, the court shall assess costs together with reasonable fees and expenses of the purchaser's attorney against the defendant…

7.      Through a letter dated March 26, 2013, PAL exercised its right to declare the purchase and sale of TNG's security to be void.  A true and correct copy of the notice of election is attached as **Exhibit 2**.

WHEREFORE PAL Enterprises, LLC requests rescission of the Investment Agreement and the return of PAL Enterprises, LLC's $90,000.00, together with interest at the statutory rate of 10% per annum from December 5, 2011 until the security payment is returned to PAL Enterprises, LLC, court costs, attorneys' fees, and expenses, and such further or alternative relief as the Court deems appropriate under the circumstances.

**COUNT V**

(Illinois Securities Law Violation - Fraud)

1.      The allegations set forth in Paragraphs 1 through 9 of Count I are realleged herein as if specifically set forth in this Paragraph 1 of Count V.

2.      Section 12 of the Illinois Act states, in part:

Sec. 12. Violation.  It shall be a violation of the provision of this Act for any person:
…
F. To engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof.
G. To obtain money or property through the sale of securities by means of any untrue statement of a material fact or any omission to

state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading.

3. Prior to entering into the Investment Agreement, Nenadov represented to Lukich that PAL would recoup all of its investments under the proposed Investment Agreement within a year and double its initial investment after two years through the net profit sharing outlined in the Investment Agreement.

4. Nenadov's statements were material to PAL's decision to invest in TNG. Upon information and belief Nenadov's statements were untrue.

5. Section 13 of the Illinois Act states, in part:

Sec. 13. Private and other civil remedies; securities.
B. Every sale of a security made in violation of the provisions of this Act shall be voidable at the election of the purchaser…and the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer or salesperson who shall have participated or aided in any way in making the sale, and in case the issuers, controlling person, underwriter or dealer is a corporation or unincorporated association or organization, each of its officers and directors (or persons performing similar functions) who shall have participated or aided in making the sale, shall be jointly and severally liable to the purchaser as follows:
…
(2) For the full amount paid, together with interest from the date of payment for the securities sold at the rate of the interest or dividend stipulated in the securities sold (or if no rate is stipulated, then at the rate of 10% per annum) less any income or other amounts received by the purchaser on the securities…

If the purchaser shall prevail in any action brought to enforce any of the remedies provided in this subsection, the court shall assess costs together with reasonable fees and expenses of the purchaser's attorney against the defendant…

6. Through a letter dated March 26, 2013, PAL exercised its right to declare the purchase and sale of TNG's security to be void. *See* Exhibit 2.

WHEREFORE PAL Enterprises, LLC requests rescission of the Investment Agreement

and the return of PAL Enterprises, LLC's $90,000.00, together with interest at the statutory rate of 10% per annum from December 5, 2011 until the security payment is returned to PAL Enterprises, LLC, court costs, attorneys' fees, and expenses, and such further or alternative relief as the Court deems appropriate under the circumstances.

**COUNT VI**

(Arizona Securities Law Violation – Failure to Register)

1.  The allegations set forth in Paragraphs 1 through 9 of Count I are realleged herein as if specifically set forth in this Paragraph 1 of Count VI.

2.  Pursuant to A.R.S. § 44-1841, it is unlawful to sell or offer for sale to any resident of the State of Arizona any securities, unless the securities have been registered with the Arizona Corporation Commission.

3.  Nenadov and TNG engaged in the sale of securities, as defined in A.R.S. § 44-1801(21), when Nenadov and TNG sold the interest in TNG described in Exhibit 1. Exhibit 1 is a security, as defined by A.R.S. § 44-1801(26).

4.  Nenadov and TNG failed to comply with A.R.S. § 44-1892 when the security sold to PAL was not registered with the Arizona Corporation Commission.

5.  Nenadov and TNG failed to provide PAL with a prospectus, complete financial statements of Transportation Network Group LLC and other required documents pursuant to A.R.S. § 44-1894.

6.  Nenadov and TNG failed to file one or more applications for registration as a securities dealer or salesman pursuant to A.R.S. § 44-1941.

7.  A.R.S. § 44-2001 provides, in part:

    A sale or contract for sale of any securities to any purchaser in violation of section 44-1841 or 44-1842 or article 13 of this chapter is voidable at the

election of the purchaser, and the purchaser may bring an action in a court of competent jurisdiction to recover the consideration paid for the securities, with interest, taxable court costs and reasonable attorney fees, less the amount of any income received by dividend or otherwise from ownership of the securities, on tender of the securities purchased or the contract made, or for damages if the purchaser no longer owns the securities.

8.      Through a letter dated March 26, 2013, PAL exercised its right to declare the purchase and sale of TNG's security to be void.  *See* Exhibit 2.

WHEREFORE PAL Enterprises, LLC requests rescission of the Investment Agreement and the return of PAL Enterprises, LLC's $90,000.00, together with interest at the statutory rate from December 5, 2011 until the security payment is returned to PAL Enterprises, LLC, court costs, attorneys' fees, and expenses, and such further or alternative relief as the Court deems appropriate under the circumstances.

## COUNT VII

(Arizona Securities Law Violation - Fraud)

1.      The allegations set forth in Paragraphs 1 through 9 of Count I are realleged herein as if specifically set forth in this Paragraph 1 of Count VII.

2.      A.R.S. § 44-1991 states, in part:

> Fraud in purchase or sale of securities
> A. It is a fraudulent practice and unlawful for a person, in connection with a transaction or transactions within or from this state involving an offer to sell or buy securities, or a sale or purchase of securities, including securities exempted under section 44-1843 or 44-1843.01 and including transactions exempted under section 444-1844, 44-1845 or 44-1850, directly or indirectly to do any of the following:
> ...
> 2. Make any untrue statement of material fact, or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.
> 3. Engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit.

3.      Prior to entering into the Investment Agreement, Nenadov represented to Lukich that PAL would recoup all of its investments under the proposed Investment Agreement within a year and double its initial investment after two years through the net profit sharing outlined in the Investment Agreement.

4.      Nenadov's statements were material to PAL's decision to invest in TNG.

5.      Upon information and belief, Nenadov's statements were untrue because TNG did not make a profit in 2011 and it was not possible for PAL to recoup its investment after one year, or double it in two years.

6.      A.R.S. §§ 44-2001 provides, in part:

> A sale or contract for sale of any securities to any purchaser in violation of…article 13 of this chapter is voidable at the election of the purchaser, and the purchaser may bring an action in a court of competent jurisdiction to recover the consideration paid for the securities, with interest, taxable court costs and reasonable attorney fees, less the amount of any income received by dividend or otherwise from ownership of the securities, on tender of the securities purchased or the contract made.

7.      PAL exercises its right to declare the purchase and sale of the security described in Exhibit 1 to be void.  On March 26, 2013, PAL informed TNG and Nenadov of its election.  *See* Exhibit 2.

WHEREFORE PAL Enterprises, LLC requests rescission of the Investment Agreement and the return of PAL Enterprises, LLC's $90,000.00 investment, together with interest at the statutory rate from December 5, 2011 until the security payment is returned to PAL Enterprises, LLC, court costs, attorneys' fees, and expenses, and such further or alternative relief as the Court deems appropriate under the circumstances.

Dated: May 17, 2013

                                                                       Respectfully submitted,

                                                                       SAMUEL LUKICH and
                                                                       PAL ENTERPRISES, LLC

By:      /s/ Douglas M. Grom
                         One of Their Attorneys

Robert B. Christie
Douglas M. Grom
HENDERSON & LYMAN
175 West Jackson Blvd.
Suite 240
Chicago, Illinois 60604
(312) 986-6960
rchristie@henderson-lyman.com
dgrom@henderson-lyman.com
*Attorneys for Plaintiffs Samuel Lukich*
*and PAL Enterprises, LLC*